# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: )<br>PROCEDURES FOR REQUESTING, )<br>FILING, AND MANAGEMENT OF )<br>HIGHLY SENSITIVE DOCUMENTS )<br>) | AMENDED STANDING ORDER<br>M10-468<br>21-mc-0006 |

**WHEREAS** federal courts are updating their security procedures to uniformly protect highly sensitive documents (HSDs), a narrow subset of sealed documents that must, for their protection, be stored outside the court's electronic systems;

**THE COURT FINDS** that good cause exists to permit nonelectronic filing under Civil Rule 5(d)(3)(A) and Criminal Rule 49(b)(3)(A), and to adopt the revised HSD Guidance, Attachment 1, which includes a standard definition of HSDs, a dedicated procedure for filing, serving, and maintaining HSDs, and factors to be considered by judicial officers in determining if a document is an HSD.

**THEREFORE, IT IS HEREBY ORDERED** that, effective as of the date of this order and until such time as the court orders otherwise, HSDs will be filed and served in paper form (or, if digital media, on a secure electronic device, such as a flash drive), in accordance with this Order and the HSD Guidance, and will be maintained by the clerk's office in a secure paper filing system or secure standalone computer system that is not connected to any network.[1] This Order supersedes any and all prior court orders and inconsistent local rules concerning HSDs.

1. **Documents and Materials Subject to this Order**

    a. **Definition:** A **Highly Sensitive Document (HSD)** is a document or other material that contains sensitive, but unclassified, information that warrants exceptional handling and storage procedures to prevent significant consequences that could result if such information were obtained or disclosed in an unauthorized manner. Although frequently related to law enforcement materials, especially sensitive information in a civil case could also qualify for HSD treatment.

        i. **Examples of HSDs:** Examples include *ex parte* sealed filings relating to: national security investigations, cyber investigations, and especially

---

[1] This guidance does not apply to classified information, which should be handled according to the Classified Information Procedures Act (CIPA) and the Chief Justice's Security Procedures related thereto, 18 U.S.C. app 3 §§ 1, 9. The Chief Justice's Security Procedures (criminal prosecutions) and the Department of Justice (DOJ) regulation 28 C.F.R. § 17.17(c) (civil actions) govern classified information in any form in the custody of a court.

           sensitive public corruption investigations; and documents containing a highly exploitable trade secret, financial information, or computer source code belonging to a private entity, the disclosure of which could have significant national or international repercussions.

     ii. **Exclusions:** Most materials currently filed under seal do not meet the definition of an HSD and do not merit the heightened protections afforded to HSDs. The form or nature of the document, by itself, does not determine whether HSD treatment is warranted. Instead, the focus is on the severity of the consequences for the parties or the public should the document be accessed without authorization. Most presentence reports, pretrial release reports, pleadings related to cooperation in criminal cases, social security records, administrative immigration records, applications for search warrants, interception of wire, oral, or electronic communications under 18 U.S.C. § 2518, and applications for pen registers, trap and trace devices would not meet the HSD definition.

b. HSDs vary in their physical form and characteristics. They may be paper, electronic, audiovisual, microform, or other media. The term "document" includes all recorded information, regardless of its physical form or characteristics.

## 2. Requesting HSD Designation

a. Any party seeking to file an HSD must, before such filing, seek leave of court for such filing in the manner provided in paragraph 2(b).

    i. A request for HSD designation must be accompanied by a certification of the movant's good-faith belief that the material meets the HSD definition.
    ii. The requesting party must articulate why HSD treatment is warranted, including, as appropriate: the contents of the document; the nature of the investigation or litigation; and the potential consequences to the parties, the public, or national interests, in the event the information contained in the document is accessed or disseminated without authorization.
    iii. The requesting party must include a proposed order that provides the information stated in paragraph 3 below.
    iv. The requesting party shall serve the proposed HSD on the other parties as follows:
        Civil cases - by any manner specified in Civil Rule 5(b)(2), except for service via the court's electronic filing system; or
        Criminal cases - by any manner specified in Criminal Rule 49(a)(3)(B) or (a)(4).

    b. The request and the proposed HSD material shall be submitted to the clerk's office in a sealed envelope marked "HIGHLY SENSITIVE DOCUMENT." The outside of the envelope shall be affixed with a copy of the HSD's caption page (with confidential information redacted).

### 3. Order Granting HSD Designation

An order granting a motion seeking HSD designation, or directing the filing of a document as an HSD on the court's own motion, must:

    a. State the identity of the persons who are to have access to the documents without further order of court; and

    b. Set forth instructions for the duration of HSD treatment. HSDs are stored temporarily or permanently offline as the situation requires. When designating a document as an HSD, courts should indicate when the designation will automatically lapse or when the designation should be revisited by the judicial officer. HSDs should be migrated as sealed documents to the court's electronic docketing system and unsealed, as appropriate, as soon as the situation allows.

### 4. Filing An HSD

    a. A copy of the order granting HSD designation must be included with any document filed as an HSD.

    b. The clerk will maintain the HSD in a secure paper filing system or a secure standalone computer system that is not connected to any network.

    c. The clerk's office will make an informational docket entry in the court's electronic filing system indicating that the HSD was filed with the court. The docket entry shall not include personal or other identifying details related to or contained with the HSD. For example:

    5/25/23 [no link] SEALED DOCUMENT placed in vault (Entered 5/25/23).

    d. An opinion or order entered by the court related to an HSD may itself constitute an HSD if it reveals sensitive information in the HSD. If the court determines that a court order qualifies as an HSD, the clerk's office will file and maintain the order as an HSD and will serve paper copies of any filing issued by the court.

    e. An HSD in the lower court's record will ordinarily be also regarded by an appellate court as an HSD.

5. **Safeguarding Internal Communication:** Care should also be taken in internal court communications regarding HSDs, including notes and pre-decisional materials, not to include the protected substance of HSDs in any communication using the internet or a computer connected to a network.

6. **Questions about HSD Filing Procedures**
Any questions about how an HSD should be filed with the court pursuant to this Order should be directed to the clerk's office at **helpdesk@nysd.uscourts.gov**.

**IT IS SO ORDERED**, this 27th day of June 2024.

Laura Taylor Swain
Chief United States District Judge
Southern District of New York

4

## HIGHLY SENSITIVE DOCUMENTS DEFINITION & GUIDANCE

Highly Sensitive Documents (HSDs) are a narrow subset of sealed documents that must, for their protection, be stored offline. The added protection for HSDs is important because, in the event of a breach of the courts' electronic case management system by a sophisticated actor, those documents are more likely to be sought out and stolen, or their unauthorized access or exposure are likely to have outsized consequences beyond that of most sealed documents, or both.

The following definition and guidance are intended to assist courts in identifying highly sensitive documents and managing the offline handling of HSDs. This guidance does not apply to classified information, which should be handled according to the Classified Information Procedures Act (CIPA) and the Chief Justice's Security Procedures related thereto, 18 U.S.C. app 3 §§ 1, 9(a).[1]

(a)  **Definition:** A **Highly Sensitive Document (HSD)** is a document or other material that contains sensitive, but unclassified, information that warrants exceptional handling and storage procedures to prevent significant consequences that could result if such information were obtained or disclosed in an unauthorized way. Although frequently related to law enforcement materials, especially sensitive information in a civil case could also qualify for HSD treatment.

  i.  **Examples of HSDs:** Examples include *ex parte* sealed filings relating to: national security investigations, cyber investigations, and especially sensitive public corruption investigations; and documents containing a highly exploitable trade secret, financial information, or computer source code belonging to a private entity, the disclosure of which could have significant national or international repercussions.

  ii. **Exclusions:** Most materials currently filed under seal do not meet the definition of an HSD and do not merit the heightened protections afforded to HSDs. The form or nature of the document, by itself,

---

[1] The Chief Justice's Security Procedures (criminal prosecutions) and the Department of Justice (DOJ) regulation 28 C.F.R. § 17.17(c) (civil actions) govern classified information in any form in the custody of a court. Such classified information may not be filed on CM/ECF or any other court network or standalone computer system. Courts are assisted in their protection of classified information by classified information security officers, who are detailed to the courts by the DOJ's Litigation Security Group, a unit independent of the attorneys representing the government. Courts should direct questions regarding how to handle classified documents to the DOJ's Litigation Security Group. See also, Robert Timothy Reagan, Keeping Government Secrets: A Pocket Guide on the State-Secrets Privilege, the Classified Information Procedures Act and Classified Information Security Officers, (Federal Judicial Center, 2d ed. 2013).

**HIGHLY SENSITIVE DOCUMENTS DEFINITION & GUIDANCE**

does not determine whether HSD treatment is warranted. Instead, the focus is on the severity of the consequences for the parties or the public should the document be accessed without authorization. Most presentence reports, pretrial release reports, pleadings related to cooperation in criminal cases, social security records, administrative immigration records, applications for search warrants, interception of wire, oral, or electronic communications under 18 U.S.C. § 2518, and applications for pen registers, trap, and trace devices would not meet the HSD definition.

(b) **HSDs: Sources and Characteristics**

   i. HSD designation may be requested by a party in a criminal, civil, appellate, or bankruptcy matter.

   ii. HSDs vary in their physical form and characteristics. They may be paper, electronic, audiovisual, microform, or other media. The term "document" includes all recorded information, regardless of its physical form or characteristics.

   iii. An opinion or order entered by the court related to an HSD may itself constitute an HSD, if it reveals sensitive information in the HSD.

   iv. An HSD in the lower court's record will ordinarily be also regarded by an appellate court as an HSD.

(c) **HSD Designation:**

   i. A court's standing order, general order, or equivalent directive should include the HSD definition set forth in (a) above and outline procedures for requesting, filing, and maintaining HSDs.

   ii. The onus is on the party, including the Department of Justice and other law enforcement agencies, to identify for the court those documents that the party believes qualify as HSDs and the basis for that belief. In moving for HSD treatment, the filing party must articulate why HSD treatment is warranted, including, as appropriate: the contents of the document; the nature of the investigation or litigation; and the potential consequences to the parties, the public, or national interests, in the event the information contained in the document is accessed or disseminated without authorization.

**HIGHLY SENSITIVE DOCUMENTS DEFINITION & GUIDANCE**

    iii. **Judicial Determination:**

        A. The presiding judge (or, when no presiding judge is available, the chief judge) should determine whether a document meets the HSD definition by evaluating whether a party has properly articulated sufficient reasons for such treatment, including the consequences for the matter, should the document be exposed. Most applications for HSD treatment are likely to be *ex parte*, but the presiding judge should resolve any disputes about whether a document qualifies as an HSD as defined in (a) above. The fact that a document may contain sensitive, proprietary, confidential, personally identifying, or financial information about an entity or an individual, that may justify sealing of the document or case, does not alone qualify the document as an HSD.

        B. In making this determination, the court should consider properly articulated concerns that the unauthorized access or disclosure of the information contained in the document at issue would result in significant adverse consequences that outweigh the administrative burden of handling the document as an HSD. As a general matter, courts should give careful and appropriate consideration to the concerns articulated by the executive branch in matters implicating the authority of the executive branch to oversee the military and safeguard national security. If relevant, the court has the discretion to consider the impact of the heightened protection provided by offline placement to any other party's right of access.

(d) **Exceptional Administrative Treatment for HSDs:**

    i. **Filing:** HSDs and requests for HSD treatment will be accepted for filing only in paper form or via a secure electronic device (*e.g.*, USB stick or portable hard drive).

    ii. **Handling:** The court must handle the HSDs by storing all information offline. Furthermore, any pleadings or other filings created in connection with the proceedings should not disclose the subject matter of the HSD (including information that may identify the place, object, or subject of an *ex parte* filing).

    iii. **Docketing:** Docket entries for HSDs should not include personal or other identifying details related to or contained within them. For example:

        8/25/22  [no link]   SYSTEM ENTRY-Docket Entry 92
                                        Restricted until further notice (Entered 8/25/22).

**HIGHLY SENSITIVE DOCUMENTS DEFINITION & GUIDANCE**

    iv.    **Storing:** HSDs shall be stored and handled only in a secure paper filing system, or an encrypted external hard drive attached to an air-gapped system (*i.e.*, entirely disconnected from networks and systems, including a court unit's local area network and the judiciary's network).

    v.    **Safeguarding Internal Communication:** Care should also be taken in judicial communications regarding HSDs, including notes and pre-decisional materials, not to include the protected substance of HSDs in any communication using the internet or a computer network.

(e)    **Duration of HSD Treatment:** HSDs are stored temporarily or permanently offline as the situation requires. When designating a document as an HSD, courts should indicate when the designation will automatically lapse or when the designation should be revisited by the judicial officer. HSDs should be migrated as sealed documents to the court's electronic docketing system and unsealed, as appropriate, as soon as the situation allows.